COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOHN W. NOBLE
VICE CHANCELLOR

417 SOUTH STATE STREET
DOVER, DELAWARE 19901
TELEPHONE: (302) 739-4397
FACSIMILE: (302) 739-6179

July 9, 2015

Richard A. Barkasy, Esquire
Schnader Harrison Segal & Lewis LLP
824 N. Market Street, 8th Floor
Wilmington, DE 19801

Joseph J. Bellew, Esquire
Cozen O'Connor
1201 N. Market Street, Suite 1001
Wilmington, DE 19801

Re:   *Global Aerospace, Inc. v. Aero Ways, Inc.*
      C.A. No. 10735-VCN
      Date Submitted: June 24, 2015

Dear Counsel:

Respondent Aero Ways, Inc. ("Aero Ways") purchased insurance from Petitioner Global Aerospace, Inc. ("Global") for a leased aircraft.[1] On July 25, 2013, the aircraft's left main landing gear brake assembly and part of its left wing were damaged. It was moved to its manufacturer's facility in Wichita, Kansas for repair, and Aero Ways made an insurance claim for the cost.

The insurance policy establishes an appraisal process for when, like here, the parties are unable to agree on the cost of repair.[2] "In such event, [Aero Ways] and

---

[1] The aircraft is a 1986 Bombardier Challenger CL-601-1A business jet, U.S. registration No. N163WG.

[2] The cost is a function of the selected repair strategy.

[Global] shall each select a competent appraiser, and the appraisers shall select a competent and disinterested umpire."[3] The umpire serves to break the deadlock should the appraisers' values diverge. Although both sides have selected appraisers, the appraisers cannot agree on an umpire. Global has petitioned the Court to designate a suitable candidate.[4]

After considering both sides' views on the matter, the Court has selected Ann L. Kolarik as umpire. Ms. Kolarik is a Designated Engineering Representative ("DER"), *i.e.*, an individual authorized by the Federal Aviation Administration ("FAA") to determine an aircraft's suitability for flight.[5] She is a structural engineer authorized to evaluate and act with respect to the wing structures of airplanes such as the aircraft.

---

[3] Verified Pet. for the Appointment of a Neutral Umpire ¶ 18 ("Pet.").

[4] The insurance policy does not specify a process for selecting an umpire when the appraisers cannot reach an agreement. The Federal Arbitration Act, which applies here, provides that "if no method [for appointing an umpire] be provided [in the applicable agreement], . . . then upon the application of either party to the controversy the court shall designate and appoint an . . . umpire . . . ." 9 U.S.C. 5.

[5] A DER is "an individual, appointed in accordance with 14 CFR § 183.29, who holds an engineering degree or equivalent, possesses technical knowledge and experience, and meets the qualification requirements of Order 8100.8D." Pet. ¶ 29.

The FAA Consultant DER Directory indicates that Ms. Kolarik is based in Wichita, and there has been no indication that any party or appraiser has a current or ongoing personal or professional relationship with her. According to her LinkedIn profile, she is a senior engineer at Bombardier Inc., the parent of the company that manufactured the aircraft. Her selection is partly intended to address Aero Ways's concern that the umpire have familiarity with the wing structure of the aircraft's model.[6]

Of course, should Ms. Kolarik be unavailable or unwilling to act as umpire, the Court may need to make another selection. Additionally, should either party identify a material concern relating to Ms. Kolarik's appointment (*i.e.*, a conflict of interest), the Court may revise its determination.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ **John W. Noble***

JWN/cap
cc:     Register in Chancery-K

---

[6] Global proposed that the Court appoint any structural DER with a specialty in airplane wings. Aero Ways suggested four former employees of Bombardier (the aircraft's manufacturer) or, alternatively, an individual with experience in the repair of damaged wings on aircraft similar to the model in question.